IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 06-cv-00874-LTB-BNB

CHARLES CHURCH McKAY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

ORDER
_____

    The plaintiff, Charles Church McKay, previously filed a lawsuit here seeking enforcement, by order of specific performance, of a December 14, 1984 settlement agreement ("Settlement Agreement") between Mr. McKay, the United States Department of Energy ("DOE"), and other persons not parties to this case.  I dismissed Mr. McKay's claims for lack of jurisdiction.  I noted that jurisdiction to enforce contracts against the United States Government vests in the Court of Federal Claims pursuant to 28 U.S.C. § 1491 ("Tucker Act") and, in cases where the amount in controversy is $10,000 or less, in federal district courts pursuant to 28 U.S.C. § 1346(a)(2) ("Little Tucker Act").  Neither the Tucker Act nor the Little Tucker Act, which waive the Government's sovereign immunity only in the circumstances specified therein, authorize relief other than money damages for contract claims.  *Lee v. Thornton*, 420 U.S. 139, 140, 95 S. Ct. 853, 43 L. Ed. 2d 85 (1975).

    The Government moves for dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(1).

The motion is adequately briefed and oral arguments would not materially aid its resolution. For the reasons stated below, I GRANT the motion.

**I. Allegations**

In the present complaint, Mr. McKay asserts a single claim to quiet title and identifies as his jurisdictional authority 28 U.S.C. § 1346(f), which gives district courts exclusive original jurisdiction over civil actions under the Quiet Title Act, 28 U.S.C. § 2409a. He alleges that he and his brother, Perry S. McKay, own the mineral estate underlying a surface estate that the DOE acquired from him by use of its eminent domain powers. By the Settlement Agreement, which resolved claims that Mr. McKay and others asserted against the DOE, the Government allegedly promised to provide to Mr. McKay and his brother land use permits, with the envisioned end that the McKays would exploit oil and gas on the land and would extract water from it. The permits were to persist for an initial period of five years from issuance and were renewable for three additional five-year terms. Upon Mr. McKay's request, the Government refrained from issuing the permits at the time of settlement.

Attached to the complaint are copies of the permits that the Settlement Agreement contemplated. Among the conditions attendant to the draft permits were that: the McKays would use the land only for the permitted uses; prior to operating, the McKays would submit plans of operation, which the DOE reserved the right to review and disapprove; the DOE and its agents reserved the right to enter the premises at any time; the McKays would not interfere with the DOE's own operations on the land and would "conduct their operations in a manner environmentally acceptable to" the DOE. Also, the permits were to be subject to whatever rules and regulations the DOE occasionally promulgated, in its own discretion.

In August or September of 2005, more than twenty years after execution of the Settlement Agreement, Mr. Mckay asked the DOE to issue a permit to allow him to develop a water well on the premises. By letter of September 26, 2005, the DOE allegedly denied the request.

## II. Discussion

Statutes conferring jurisdiction on federal courts are to be strictly construed and doubts are to be resolved against federal jurisdiction. *United States ex rel. King v. Hillcrest Health Center, Inc.*, 264 F.3d 1271, 1280 (10th Cir. 2001), *cert. denied*, 535 U.S. 905, 122 S. Ct. 1205, 152 L. Ed. 2d 143 (2002). Because federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. *Penteco Corp. Ltd. Partnership – 1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

The Government argues that this action is a fresh attempt to obtain specific performance of the Settlement Agreement and, like Mr. McKay's first lawsuit, must be dismissed for lack of jurisdiction. It points out that a promise to issue land-use permits, left unfulfilled, does not confer a property right on which a quiet title action may be premised. Thus, it contends, Mr. McKay fails to satisfy 28 U.S.C. § 2409a(d), which requires a plaintiff to "set forth with particularity the nature of the right, title, or interest which [he] claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." I agree.

Though, as Mr. McKay proclaims, the Quiet Title Act extends to property rights other than fee simple interests, it does not reach all the way to the claim here. Mr. McKay identifies no basis for his claim other than the promises contained in the Settlement Agreement. Assuming, *arguendo*, that the Settlement Agreement gave Mr. McKay a beneficial interest in the permits,

3

something the complaint does not demonstrate, *contrast*, *Claxton v. Small Business Admin.*, 525 F. Supp. 777, 784 (S.D. Ga. 1981), use permits, like those at issue here, create no vested property rights but rather merely constitute licenses to use federal land. *Diamond Bar Cattle Co. v. United States*, 168 F.3d 1209, 1217 (10th Cir. 1999); *Federal Lands Legal Consortium ex rel. Robart Estate v. United States*, 195 F.3d 1190, 1196 (10th Cir. 1999). *Compare Pai 'Ohana v. United States*, 875 F. Supp. 680, 693 (D. Hawai'i 1995), *aff'd*, 76 F.3d 280 (9th Cir. 1996). Significantly, the envisioned permits contained numerous terms and conditions, which the DOE established. *Robart Estate*, 195 F.3d at 1198-1199. Thus, Mr. McKay has no entitlement, whether contractual or proprietary, to use the land unfettered of the Government's discretion.

It is, of course, reasonable to infer that property rights attend Mr. McKay's purported mineral estate. However, Mr. McKay does not in his complaint ask this Court to enforce any such rights. Nor does he identify any rights which the Government has infringed, other than those emanating from the Settlement Agreement. The complaint must be dismissed for lack of jurisdiction.

Accordingly, it is ORDERED that:

1) the Government's motion to dismiss is GRANTED; and

2) the complaint is DISMISSED.

Dated: October   17  , 2006, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge